UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO BLACKWELL, | No. 2:13-cv-2036-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER AND <br> FINDINGS AND RECOMMENDATIONS |
| D. DOSUELLA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

The court has reviewed plaintiff's complaint and for the limited purpose of § 1915A screening, finds that it states a potentially cognizable Eighth Amendment deliberate indifference to medical needs claim against defendants Albalos,[1] Dosuella, Copley,[2] Feinberg, Sahota,[3] and

---

[1] Plaintiff also refers to this defendant in the complaint with the alternate spelling of "Albuley."
[2] Plaintiff also refers to this defendant in the complaint with the alternate spelling of "Copland."

2

Torrella, based upon plaintiff's allegations that their conduct or policies caused plaintiff to experience four days of severe pain without relief after he completely ruptured his Achilles tendon.

The complaint does not state a claim against Folsom State Prison, which is not a proper defendant.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by *a person* acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Folsom State Prison is not a person.  Moreover, state agencies, such as CDCR and its prisons, are immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).

Accordingly, plaintiff may proceed against defendants Albalos, Dosuella, Copley, Feinberg, Sahota, and Torrella only, and defendant Folsom State Prison must be dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted.

/////

/////

---

[3] Plaintiff also refers to this defendant in the complaint with the alternate spelling of "Shoata."

3

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the CDCR filed concurrently herewith.

3. The allegations in the pleading are sufficient at least to state a potentially cognizable Eighth Amendment deliberate indifference to medical needs claims against defendants Albalos, Dosuella, Copley, Feinberg, Sahota, and Torrella.

4. The Clerk of the Court shall send plaintiff six USM-285 forms, one summons, an instruction sheet and one copy of the October 1, 2013 complaint.

5. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and seven copies of the endorsed October 1, 2013 complaint.

6. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order may result in this action being dismissed.

Further, IT IS HEREBY RECOMMENDED that defendant Folsom State Prison be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 2, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ORLANDO BLACKWELL, | No. 2:13-cv-2036-TLN-EFB P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| D. DOSUELLA, et al., | |
| Defendants. | |

Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

    1    completed summons form
    6    completed forms USM-285
    7    copies of the endorsed October 1, 2013 complaint

Dated:

_____
Plaintiff