UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO BLACKWELL, | No. 2:13-cv-2036-TLN-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| D. DOSUELLA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges an Eighth Amendment claim of deliberate indifference to severe pain over a period of four days following the rupture of his Achilles tendon. ECF No. 1 at 5. Defendants have filed a motion to dismiss plaintiff's complaint. ECF No. 16. Although plaintiff filed an opposition to the motion, ECF No. 18, defendants did not file a reply. For the reasons that follow, it is recommended that the motion be granted.

**I. THE COMPLAINT**[1]

Plaintiff was fifty-one years of age and incarcerated at Folsom State Prison (FSP) on Sunday, April 21, 2013. Compl. at 4, 7. He was playing basketball when he felt a sharp pain in his left Achilles tendon. *Id.* at 7. He reported to the Treatment and Triage Area (TTA), where he

---

[1] This case proceeds on plaintiff's original complaint, which plaintiff signed under penalty of perjury on September 9, 2013. ECF No. 1 ("Compl.") at 13. The following statement of facts is based entirely on the allegations in plaintiff's complaint and the exhibits attached thereto.

1

met with defendant Albalos (a registered nurse) and defendant Torrella (a medical doctor). *Id.* at Exs. B, G.[2] Plaintiff explained that he had injured his ankle playing basketball. *Id.* at Ex. G. Suspecting a mere sprain of the Achilles tendon, Albalos and Torrella ordered crutches and an Ace ankle wrap and issued a chrono for housing on the ground floor. *Id.* at Exs. A, B, G. They also instructed plaintiff to continue taking the morphine he was already receiving for his chronic back pain and to notify the medical department if he experienced pain, swelling, or numbness. *Id.* Plaintiff returned to the TTA the following morning at 7:50 a.m. *Id.* at Ex. G. Albalos noted "slight edema or ankle swelling," and plaintiff was discharged from the TTA at 9:50 a.m. with instructions to return again if he experienced pain, swelling, or numbness. *Id.*

On April 25, 2013, plaintiff met with Feinberg, a medical doctor at FSP. *Id.* at Ex. A. Feinberg's "examination was notable for a positive Thompson test consistent with a left Achilles tendon rupture." *Id.* Feinberg therefore "arranged for an urgent Request for Services [] for orthopedic consultation and possible repair . . . at Methodist Hospital." *Id.* On April 26, 2013, a physician at Methodist Hospital operated on plaintiff's left Achilles tendon. *Id.* at 4 (quoting Compl., Ex. I). The physician's operative report explains that plaintiff suffered "a complete rupture of the Achilles tendon" and that plaintiff was experiencing pain, swelling, and irritation; the report also notes that the tendon "was extremely, severely shredded." *Id.*

Plaintiff's complaint describes not being able to walk, stand, or apply pressure to his feet in the days preceding the operation. Compl. at 7. He also "reported daily" his severe pain, sleep deprivation, loss of appetite, and swelling. *Id.* Plaintiff contends that the medical staff and physicians at FSP that he met with before the operation—specifically, Albalos, Torrella, and Feinberg—were deliberately indifferent to his serious medical needs. *Id.* at 9-10.

Plaintiff also contends that "[there] is no medical doctor on the premises of [FSP] . . . on Saturday[s] and Sunday[s]," and that inmates are without "accessible emergency medical care" on those days. *Id.* at 11. He also suggests that there is a policy that "prohibits a[n] inmate from

---

[2] Plaintiff has attached several medical records to his complaint as exhibits and references those exhibits throughout the allegations of the complaint. Accordingly, those exhibits are properly considered on this motion. **Error! Main Document Only.***Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001).

2

immediate access to treating physician[s] for 30 days . . . ." *Id.* Plaintiff alleges that defendant Sahota (the Chief Medical Officer at FSP) and defendant Copley (a medical official at FSP) maintain these policies in violation of the Eighth Amendment. *Id.* at 3, 6, 11.

The court previously screened the complaint and found that it stated potentially cognizable Eighth Amendment deliberate indifference claims against Albalos, Copley, Feinberg, Sahota, Dosuella and Torrella.[3] ECF Nos. 6, 12.

**II. STANDARDS**

   **A. Rule 12(b)(6)**

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v.*

---

[3] Although plaintiff's complaint names both "D. Dosuella" and "Torrella" as defendants, it appears that these names refer to the same individual, and that "Torrella" is that individual's correct name. *Compare* Compl. at 8 (alleging that plaintiff "was seen by D. Dosuella" on April 21, 2013) *with* Compl., Ex. B (a progress note dated April 21, 2013 and signed "Torrella MD"). Thus, the reference in the complaint to "D. Dosuella" is duplicative and the claims purportedly directed at Dosuella actually pertain to Torrella.

1  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include
2  specific facts necessary to support the claim.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561
3  (1992).
4    The court may disregard allegations contradicted by the complaint's attached exhibits.
5  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*
6  *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998).  Furthermore, the court is not required to accept as
7  true allegations contradicted by judicially noticed facts.  *Sprewell v. Golden State Warriors*, 266
8  F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.
9  1987)).  The court may consider matters of public record, including pleadings, orders, and other
10 papers filed with the court.  *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.
11 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104
12 (1991).  "[T]he court is not required to accept legal conclusions cast in the form of factual
13 allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*
14 *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept
15 unreasonable inferences, or unwarranted deductions of fact.  *Sprewell*, 266 F.3d at 988.
16   Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
17 *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure its
18 defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before
19 dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,
20 809 F.2d 1446, 1448 (9th Cir. 1987).
21   **B.  Eighth Amendment Deliberate Indifference**
22   To succeed on an Eighth Amendment claim predicated on the denial of medical care, a
23 plaintiff must establish that he had a serious medical need and that the defendant's response to
24 that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*
25 *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to
26 treat the condition could result in further significant injury or the unnecessary and wanton
27 infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,
28 /////

1  delay, or intentional interference with medical treatment, or by the way in which medical care is
2  provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

3        To act with deliberate indifference, a prison official must both be aware of facts from
4  which the inference could be drawn that a substantial risk of serious harm exists, and he must also
5  draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if
6  he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing
7  to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate
8  altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,
9  884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious
10 medical condition, even if some treatment is prescribed, may constitute deliberate indifference in
11 a particular case. *Id.*

12       It is important to differentiate common law negligence claims of malpractice from claims
13 predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment.
14 In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
15 support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.
16 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi*, 391 F.3d at 1057.

17 **III. ANALYSIS**

18       Defendants argue that although "a ruptured Achilles tendon is [a] sufficiently serious"
19 medical need, *see Jett*, 439 F.3d at 1096, "the allegations in the Complaint show that Defendants
20 did not have a sufficiently culpable state of mind." ECF No. 16-1 at 3.

21       Although plaintiff characterizes the failure to recognize the injury as more than a mere
22 sprain to be deliberate indifference to severe pain over a period of four days, he has attached to
23 his complaint the medical records that demonstrate otherwise. Plaintiff's exhibit B (ECF No. 1 at
24 19) shows that plaintiff was examined; that his history was taken; that certain physical test were
25 done as to pain on flexion, and while there was pain on certain flexion testing he was able to doris
26 and plantar flex normally; x-rays were taken and examined; soft tissue swelling was observed and
27 an assessment was reached that plaintiff had sprained his left Achilles tendon. The treatment plan
28 notes that plaintiff was already on pain medication (i.e. morphine) and thus there clearly was no

need to prescribe more.  However, plaintiff requested a ground floor and a chrono was issued for that and for two crutches.  The plan also included a follow up in "5 days."  That response can hardly be dismissed as deliberate indifference to his pain.  ECF No. 1 at 16 and 19.

As planned, plaintiff was examined again on April 25, 2013.  *Id.* at 16.  Because examination was notable for a positive Thompson test consistent with an Achilles rupture, an urgent request was made for an orthopedic consultation and possible repair.  *Id.*  That occurred the next morning at Methodist Hospital.  *Id.*  The surgery took about one hour and is reported as having gone well.  On follow up on May 29, plaintiff reported that he was using his crutches and "pain-wise he is only having a little bit more pain in the evening time.  He requests if we could perhaps go up on his morphine a little bit in the evening time."  *Id.*  The assessment and plan indicates that plaintiff's morphine was increased from 30 mg twice daily to 30 mg in the morning and 45 mg in the evening for a period of 10 days, after which it was to revert back.  *Id.*

There is simply nothing in the records that can support the characterization that any of the defendants ignored or were deliberately indifferent to plaintiff's injury or the pain from his injury.  Indeed, plaintiff's own complaint demonstrates that although the initial impression was a sprain rather than rupture of the tendon, the defendants responded appropriately to the injury and provided necessary medical treatment.

**IV. RECOMMENDATION**

For the reasons stated above, IT IS RECOMMENDED that defendants' motion to dismiss (ECF No. 16) be granted and that the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 7, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE